# HOPKINS *v.* PETERS.

PATENTS; INTERFERENCE; MOTIONS TO DISSOLVE; PATENT OFFICE RULES.

1. In an interference case the Commissioner of Patents properly refuses to entertain a motion by one of the parties to dissolve the interference because of the inoperativeness of the other party's device, where the objections have not been presented to the Primary Examiner, or reasons given for not doing so, as required by rules 122 and 130 of the Patent Office. (Following *Cutler* v. *Leonard*, 31 App. D. C. 297, and *Broadwell* v. *Long*, 36 App. D. C. 418.)

2. Rules 122 and 130 of the Patent Office are reasonable as tending to prevent a practice which has grown up in the Patent Office, and from which, by constant motions and raising of new questions, the burdens of inventors have been increased and proceedings in the Office unduly prolonged. (Citing *Allen* v. *United States*, 26 App. D. C. 8.)

3. Where a party to an interference in his preliminary statement fails to carry his date of conception back of the filing date of his adversary, the Commissioner properly refuses to entertain dilatory motions by him, and awards priority to his adversary.

No. 977. Patent Appeals. Submitted November 9, 1915. Decided November 29, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.       *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an interference proceeding relating to a calculating machine, the issue of which is contained in the following three counts:

1. In a calculating machine, the combination of a plurality of sets of accumulators, a key mechanism whereby any one or any number of the accumulators may be caused to register one or more numbers at a time, and means whereby the accumu-

lations on one set of accumulators may be controlled by the accumulations on another set of accumulators.

2. In a calculating machine, the combination of a plurality of sets of accumulators, a key mechanism whereby any one or any number of the accumulators may be caused to register one or more numbers at a time, and automatic means whereby the accumulations on one set of accumulators may be controlled by the accumulations on another set of accumulators.

3. In a calculating machine, the combination of a plurality of sets of accumulators, a number key mechanism for said sets of accumulators, and means whereby the accumulations of one set of accumulators may be controlled by the other set of accumulators while the number key mechanism is inactive.

William S. Gubelmann filed his application January 10, 1900; Heber C. Peters filed April 14, 1905; and Hubert Hopkins filed April 9, 1906.

Hopkins and Peters having failed in their preliminary statements to carry their invention back of Gubelmann's filing date, the Examiner of Interferences entered a decision June 2, 1911, and a rule to Hopkins and Peters to show cause within thirty days why judgment on the record should not be entered in favor of the senior party, Gubelmann.

Within the time Hopkins filed a motion to dissolve on several grounds, including a charge that Gubelmann's device, as disclosed, was inoperative.

This was referred to the Primary Examiner.

Peters also filed a similar motion, which was likewise referred.

The Primary Examiner denied the motion on all grounds, and motions for rehearing were overruled.

On appeal to the Commissioner by Hopkins the decision of the Primary Examiner was sustained, March 16, 1912.

The Examiner of Interferences then rendered judgment for Gubelmann on the record.

Hopkins then, on March 25, 1912, filed a motion to the Examiner of Interferences for leave to take testimony on the inoperativeness of Gubelmann's machine. This was denied.

April 11, 1912, motions were entered by Hopkins and Peters to stay the time for appeal, and this was granted.

April 15, 1912, the Examiner of Interferences again considered the second motion to take testimony and denied it.

Hopkins appealed to the Commissioner.

He then, on August 12, 1912, filed another motion to dissolve on the ground of inoperativeness.

September 9, 1912, the Examiner of Interferences denied this motion.

Hopkins appealed from this decision to the Commissioner, who affirmed the decision of the Examiner of Interferences, October 18, 1912.

He held that the motion presented questions not raised in the original motion to dissolve heard by the Primary Examiner, saying: "Where a party is under an order to show cause why judgment should not be rendered against him for the reason that the date of conception alleged in his preliminary statement fails to overcome the filing date of another party, and, in response to such order to show cause, presents a motion asserting the inoperativeness of his adversary's device, it is incumbent upon him to present his full case in the first instance or to give a reasonable excuse for failure to do so. He cannot in fairness to the senior party be permitted, by way of piecemeal motions or arguments, to attack the operativeness of the device."

He also held that the statements relating to the building of the model by Hopkins are insufficient to excuse delay.

December 18, 1912, the Examiner of Interferences rendered a decision vacating the award of priority to Gubelmann on March 23, 1912, and set the case down for hearing on January 16, 1913.

On that date the Examiner of Interferences again considered the question of inoperativeness raised by Hopkins' second motion, and held that Gubelmann's device was inoperative on several grounds, and then awarded priority to Hopkins.

Motions by Peters and Gubelmann to vacate this judgment

were denied September 24, 1913, and they then appealed to the Examiners-in-Chief.

The board of Examiners in Chief, on June 25, 1914, reversed the judgment of the Examiner of Interferences and awarded priority to Gubelmann. They held that Hopkins had no right to bring the question of inoperativeness again before the Examiner of Interferences.

On appeal to the Commissioner this decree was affirmed, December 18, 1914.

In this opinion it was stated: "A careful consideration of the alleged features of inoperativeness presented under the fifth and sixth grounds shows that they are specifically different from the grounds urged before the Primary Examiner.

They relate to the same portion of the machine, namely, that shown in fig. 62 of Gubelmann's drawings, but to an entirely different part of that mechanism, and were not urged before the Primary Examiner, or, apparently, even alleged to have been discovered until after his decision.

The question of what Hopkins was entitled to urge as a basis for an award of priority was fully considered in the decision of the Assistant Commissioner, and, if there was any error therein, its correction should have been sought by a petition for rehearing. As stated above, the present Commissioner has ruled that that decision constitutes the law of this case.

The Examiners in Chief therefore properly held that as between Hopkins and Gubelmann, Gubelmann was entitled to an award of priority. As fully pointed out by them, Gubelmann is entitled to an award of priority over Peters."

From that decision Hopkins has appealed.


*Mr. F. R. Cornwall, Mr. L. S. Bacon,* and *Mr. J. H. Milans* for the appellant.


*Mr. Delos G. Haynes, Mr. Frank Parker Davis, Mr. Burnham C. Stickney,* and *Mr. Edward Thomas* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The question arose on the construction of rules 122 and 130. These are settled rules of practice in the Patent Office, consistent with law, and are intended to regulate the practice in the Patent Office, looking towards a speedier disposition of applications for patents.

Rule 122 provides that a motion like this to dissolve should contain a full statement of the grounds relied upon, and should, if possible, be made not later than thirty days after the statements of the parties in interference have been received and approved.

Rule 130 provides that where the patentability of a claim to an opponent is material to the right of the party to a patent, the party may make the nonpatentability of the claim at final hearing before the Examiner of Interferences as a basis for the decision upon the priority of invention.

The final clause of the rule reads, that "a party shall not be entitled to take such step, however, unless he has duly presented and prosecuted a motion under rule 122 for dissolution upon the ground in question, or shows good reason why such a motion was not presented and prosecuted."

As the objections to the operativeness of Gubelmann's machine contained in this second motion had not been heard by the Primary Examiner, and no reason given why the objections were not raised before him, the Commissioner was right in refusing to consider the question. *Cutler* v. *Leonard,* 31 App. D. C. 297–301; *Broadwell* v. *Long,* 36 App. D. C. 418–423.

The foregoing rules are reasonable and tend to prevent a practice which has grown up in the office from which, by constant motions and raising of new questions, the burdens of inventors have been increased and proceedings in the Patent Office unduly prolonged. See *Allen* v. *United States,* 26 App. D. C. 8, where these practices are commented upon.

As Gubelmann was the first to file an application, and his opponents failed to carry their dates of invention back of his

D. C.] Syllabus.

filing date, the Commissioner was right in refusing to entertain the subsequent dilatory motions and in awarding priority to Gubelmann.

The decision is affirmed, and the clerk will certify this decision, and the proceedings herein, to the Commissioner of Patents. *Affirmed.*